# Woodhouse *versus* The Commonwealth Insurance Company.

1. The stockholders of a corporation were made liable by the charter for its liabilities to the amount of the unpaid balance on their stock, whose par was originally $50; by a supplement the stock was reduced to $25 per share. A scire facias in foreign attachment had been issued against the corporation before the supplement, and judgment in it was recovered after, on which an attachment execution was issued, and in which a stockholder who had paid $25 per share was garnishee. *Held,* that he was not liable under his original subscription for the other $25 per share, although he had given a note for it.

2. The supplement relieved him from liability to the corporation, and the creditors stood in its place.

3. The creditor of a creditor of the corporation had no vested interest in a debt due to the corporation.

February 13th 1867. Before Woodward, C. J., Thompson, Strong and Read, JJ. Agnew, J., at Nisi Prius.

Error to the District Court of *Philadelphia.*

This was an attachment execution issued to September Term 1862, by Daniel Woodhouse to the use of Aaron Degraw, against The Commonwealth Insurance Company, defendants, and Edward J. Lauman, garnishee.

The defendants were incorporated on the 13th of April 1854, the par value of the shares being fixed at $50. The act of incorporation provided, "that should the said company at any time fail to meet its engagements, each person holding stock at the time of such failure shall be individually liable for the debts of the company, to the amount of the balance unpaid on the stock of such stockholders."

On the 4th of December, 1855, the New Granada Canal and Steam Navigation Company insured a vessel with the defendants for $5000; the vessel was lost.

[Woodhouse *v.* Commonwealth Insurance Co.]

The plaintiff, May 4th 1857, recovered a judgment in the District Court of Philadelphia against the New Granada Company in a foreign attachment, in which the insurance company was the garnishee, and to June Term 1857 issued a scire facias against the garnishee. Pending this scire facias, by a supplement passed March 13th 1861, the capital stock of the insurance company was reduced to $25 per share. On the 12th of April 1862, the plaintiff recovered judgment in his scire facias against the insurance company for $3825, and issued against the insurance company an attachment execution in which Edward J. Lauman was garnishee.

On the trial it appeared that George Lauman being an original holder of 130 shares of the stock of the insurance company on which $2275 had been paid, on the 14th of July 1858 transferred them to Edward J. Lauman, the garnishee, leaving $4225 due on their then par value of $50 per share, for which the garnishee gave his note at the time of the transfer; it also appeared that there had been collected from him on attachment executions in 1861 and 1862 the further sum of $975, making $25 per share on the stock held by him.

The plaintiff claimed that his attachment bound the whole of the balance appearing to be due on Lauman's note, averring that he was liable to him as a creditor of the company for the additional $25 per share, as being the balance unpaid on his stock.

The jury found for the plaintiff $4688.66, subject to the point reserved by the court, "Whether under the evidence, the Act of Assembly approved March 13th 1861, reducing the par value of the shares of the capital stock of the Commonwealth Insurance Company from $50 to $25, discharged the garnishee, who was a stockholder in said company, from liability for payment beyond the said sum of $25 per share to the plaintiff, who was a creditor of the company at the time of the passage of said act."

The court subsequently entered judgment for the garnishee on the reserved point; which was assigned for error.

*M. A. Dropsie*, for plaintiff in error, cited Juniata Township, 7 Casey 302; Const. of Penna., Art. 9, § 17; Curran *v.* Arkansas, 15 How. 304; Hawthorne *v.* California, 2 Wall. 10; Bunn *v.* Gorgas, 5 Wright 446; Menges *v.* Dentler, 9 Casey 495.

*G. L. Crawford* and *B. H. Brewster*, for defendants in error.

The opinion of the court was delivered, February 25th 1867, by STRONG, J.—This was an attachment execution levied upon a debt alleged to be due to the Commonwealth Insurance Company, by E. J. Lauman, who was summoned as garnishee. Lauman

[Woodhouse *v.* Commonwealth Insurance Co.]

pleaded " nulla bona," and the sole question under the issue was, whether he was in debt to the defendants in the execution. He was a stockholder of the Commonwealth Insurance Company, the par value of the shares in which was at first $50. The company held his note for unpaid instalments on his stock. On the 13th of March 1861, an Act of Assembly was passed, by which the par value of the capital stock of the company was reduced to $25 a share. This sum Lauman had paid on each share which he held. It is very certain that the company had no claim upon him when the attachment execution was laid. How, then, can an attaching creditor of the company, who claims through it and stands in its place, recover from him ?

It is argued that this is possible, because the original act incorporating it provided that, should the company at any time fail to meet its engagements, each person holding stock at the time of such failure shall be individually liable for the debts of the company to the amount of the balance unpaid on the stock of such stockholders. In this liability of Lauman to pay what remained unpaid of the original value of the stock, the plaintiff urges he had a vested right, which it was not in the power of the legislature to take away or diminish by reducing the par value of the stock. Suppose this is so. Can he recover more than $25 a share through the company ? Using their rights, as he does, is he in any better situation than they would be if they had sued Lauman ? Manifestly not. But it is a mistake to assume that he had any vested right in a stockholder's payment of $50 per share on his stock. He sued the New Grenada company in foreign attachment, and recovered a judgment on the 4th of May 1857. On this judgment a scire facias was issued against the defendants in this attachment execution, as garnishees. Judgment was obtained against them in 1862, after the Act of Assembly, reducing the stock, was passed. Then there was no debt due to the plaintiff in error from the Commonwealth Insurance Company. It certainly is a novelty to assert that a man has a vested interest in a debt due by a debtor to a debtor of the claimant of such interest, without any contract to that effect. But if this were conceded, the plaintiff's right, under the statute referred to, would be directly against Lauman, and not indirectly through the Commonwealth Insurance Company. The judgment of the District Court was therefore right. The Act of 1861 was a complete defence against the claim of the plaintiff in this case.

                                        Judgment affirmed.